UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DILESH SHARMA,<br><br>　　　　　Defendant. | No. 2:17-cr-00055-TLN<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

　　　　This matter is before the Court on Defendant Dilesh Sharma's Motion to Dismiss Count One of the Second Superceding [sic] Indictment. (ECF No. 60.) The government filed an opposition. (ECF No. 61.) For the reasons set forth below, Defendant's motion to dismiss is DENIED.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant was charged in Count One of a Second Superseding Indictment, issued on January 24, 2019, with attempted online enticement of a minor for sexual purposes, in violation of 18 U.S.C. § 2422(b). (ECF No. 53 at 1–2.) Count One of the Second Superseding Indictment alleges that Defendant "did knowingly attempt to persuade, induce, entice and coerce an individual who had not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense," specifically, California Penal Code Sections 288 and 288a(c)(1). (ECF No. 53 at 1–2.) According to the Second Superseding Indictment, California Penal Code Section 288 criminalizes "a lewd or lascivious act, upon the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child." (ECF No. 53 at 1–2.) The Second Superseding Indictment also alleges that California Penal Code Section 288a(c)(1) criminalizes "an act of oral copulation with another person who is under 14 years of age and more than 10 years younger [than the defendant]." (ECF No. 53 at 2.)

Defendant filed a motion to dismiss Count One, arguing that since the undisputed facts show that he "never communicated, or attempted to communicate, with the non-existent minor online, nor did Mr. Sharma ever communicate with an adult posing as a minor," his conduct was not proscribed by the statute under which he was indicted. (ECF No. 60 at 7.) Defendant's motion asks the Court to determine that an attempt to violate 18 U.S.C. § 2422(b) "requires evidence that the defendant attempted to communicate to a minor a message designed to persuade the minor to participate in illicit sexual activity." (ECF No. 60 at 8.) Defendant argues that his "actions are not proscribed by § 2422(b)" because he "never used or attempted to use the telephone or internet to relay a message to a person purportedly under 18 to attempt to persuade, induce, entice or coerce the minor to participate in prohibited sexual activity." (ECF No. 60 at 8.) Defendant asserts that a ruling on this issue now will further the conservation of judicial resources by helping this case resolve prior to trial, since "the undisputed evidence cannot, as a matter of law, prove the charged offenses beyond a reasonable doubt." (ECF No. 60 at 9.)

The government "acknowledges that the defendant communicated with an undercover

officer posing as the adult step-father figure of the eleven-year old girl" who was the alleged target of Defendant's advances, but nevertheless argues that Defendant's motion should be denied for two reasons. (ECF No. 61 at 2.) First, the government argues that the Court should not reach the merits of Defendant's motion because the Second Superseding Indictment is facially valid, since it "simply states the words of the statute itself." (ECF No. 61 at 3.) Second, the government argues that if the Court considers the merits of Defendant's motion, that motion should still be denied because the plain language of the statute criminalizes the behavior in which Defendant is accused of engaging. (*See* ECF No. 61 at 3.)

## II. STANDARD OF LAW

### A. Motion to Dismiss an Indictment

A pretrial motion may challenge an indictment by raising "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1).

#### i. *Facial Sufficiency of an Indictment*

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)). The Ninth Circuit interprets this rule to mean that an indictment is sufficient on its face even where it "recite[s] the language of the statute, but fail[s] to allege how the violation was committed or with whom," because a criminal defendant is not entitled at the time of his indictment to know all the evidence that will be presented to prove the government's case. *United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013).

#### ii. *Evidence Proving Charges in an Indictment*

Generally, a defendant "may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (quoting *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)). Stated another way, "a Rule 12(b) motion to dismiss is not the proper way to raise a factual defense." *United States v. Nukida*, 8 F.3d 665, 669 (9th Cir. 1993) (citing *United States v.*

*Smith*, 866 F.2d 1092, 1096 n.5 (9th Cir. 1989); *United States v. Snyder*, 428 F.2d 520, 522 (9th Cir. 1970)). Instead, the proper procedure to raise such a defense is via a motion for a judgment of acquittal pursuant to Rule 29. *See id.* at 672–73.

Nonetheless, a motion attacking a facially sufficient indictment may be brought prior to trial pursuant to Rule 12 "if it involves questions of law rather than fact." *Id.* at 669 (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). "Although the court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, the court may not 'invade the province of the ultimate finder of fact.'" *Id.* Hence, an issue raised in a Rule 12(b) motion to dismiss may be decided by a court without improperly invading the province of the jury "if [the issue being decided] is entirely segregable from the evidence to be presented at trial." *Id.* Examples of segregable issues include "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction." *Id.* (alteration in original) (quoting *Smith*, 866 F.2d at 1096 n.3). Conversely, "[i]f the pretrial claim is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." *Id.* (quoting *Shortt Accountancy Corp.*, 785 F.2d at 1452).

B. <u>Attempted Online Enticement of a Minor for Sexual Purposes</u>

The text of the criminal statute at issue in this case provides:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

18 U.S.C. § 2422(b). The elements of a violation of 18 U.S.C. § 2422(b), which are readily apparent from the text of the statute itself, are that "a person must 'knowingly' (1) actually or attempt to (2) persuade, induce, entice, or coerce (3) a person under 18 years of age (4) to engage in sexual activity that would constitute a criminal offense." *United States v. Meek*, 366 F.3d 705, 718 (9th Cir. 2004).

### III. ANALYSIS

#### A. Facial Validity of Count One

Defendant's motion advances the argument that the evidence in this case cannot support a conviction for the criminal acts alleged in Count One of the Second Superseding Indictment. (*See* ECF No. 60 at 9 ("Under Rule 12, the defendant may move the court to dismiss an indictment prior to trial when the undisputed evidence cannot, as a matter of law, prove the charged offenses beyond a reasonable doubt.").) Because Defendant attacks the sufficiency of the evidence he characterizes as undisputed, Defendant does not appear to argue that the text of Count One itself fails to adequately state the elements of the charged offense. (*See, e.g.*, ECF No. 60 at 21 (highlighting gaps in the government's evidence regarding the target of Defendant's communications).) Nonetheless, the government argues that the Second Superseding Indictment is facially valid because it utilizes the words of the statute Defendant is accused of violating. (ECF No. 61 at 2–3.)

To the extent the Court must rule regarding the facial validity of the charging document in this case in order to proceed further, *see Jensen*, 93 F.3d at 669 (holding that a defendant may not challenge the sufficiency of the evidence to support a charge in an indictment so long as the indictment is sufficient on its face), the Court finds that the Second Superseding Indictment is sufficient to provide notice to Defendant of the offense he is charged with committing. Count One simply recites the elements contained within the statutory language of 18 U.S.C. § 2422(b), which is enough in the Ninth Circuit to provide notice to Defendant of the offense with which he is charged. *Mancuso*, 718 F.3d at 790.

#### B. Invading the Province of the Jury

The gravamen of Defendant's argument is that "the discovery produced by the government indicates that Mr. Sharma never communicated by telephone or internet with any person who represented themselves as being under 18 years of age." (ECF No. 60 at 10.) This argument invites the Court to invade the province of the jury by deciding a factual issue that is not "entirely segregable from the evidence to be presented at trial." *Nukida*, 8 F.3d at 669 (quoting *Shortt Accountancy Corp.*, 785 F.2d at 1452).

The Ninth Circuit's *Nukida* decision helps illustrate why this is so. In that case, the district court dismissed certain counts of an indictment charging the defendant with tampering with consumer products affecting interstate commerce, in violation of 18 U.S.C. § 1365(a), by injecting insulin into medication bags used for intravenous administration of medication. *Id.* at 666–67. The district court reasoned that since the intravenous bags allegedly tampered with by the defendant did not affect interstate commerce once they were connected to patients' chest catheters, the government would not be able to prove this essential jurisdictional element of the offense at trial. *Id.* at 667–68. The Ninth Circuit reversed the district court's dismissal because the plain language of the statute in question demonstrated that "one of the material elements of the offense . . . [was] that the tampered product affect interstate commerce." *Id.* at 669. Since the defendant's "arguments before the district court challenged the government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense." *Id.* at 669–70.

The same is largely true here because Defendant challenges the sufficiency of the evidence supporting more than one element of the charged offense. (*See* ECF No. 60 at 21 (repeatedly referencing what the government proposes to establish regarding Defendant's conduct).) In *Nukida*, 8 F.3d at 669–70, the element challenged was jurisdictional, but nonetheless had to be proved to a jury beyond a reasonable doubt. In this case, the elements challenged are not jurisdictional, but actually comprise the heart of the charged offense that must be proved to a jury beyond a reasonable doubt: (i) whether Defendant attempted to "persuade, induce, entice, or coerce" a target, and (ii) whether said target was a "person under 18 years of age." *Meek*, 366 F.3d at 718; (*see also* ECF No. 60 at 10 ("Fatal to the prosecution's case, the discovery produced by the government indicates that Mr. Sharma never communicated by telephone or internet with any person who represented themselves as being under 18 years of age.")). Defendant's attack is not predicated on evidence relating to segregable matters such as lack of jurisdiction, double jeopardy, any former convictions or acquittals, the applicable statute of limitations, or immunity. *See Nukida*, 8 F.3d at 669 (listing these as examples of readily

segregable issues properly adjudicated via a Rule 12 motion).  Indeed, it is Defendant's own motion which demonstrates that he is essentially attacking the sufficiency of the evidence to prove the required elements charged in Count One of the Second Superseding Indictment. Defendant's references to the inability of the government's evidence to "establish the crime charged in count one of the Superseding Indictment beyond a reasonable doubt" (ECF No. 60 at 9), to "the discovery produced by the government" (ECF No. 60 at 10), to the apparent lack of "evidence that Mr. Sharma intended to use the telephone or internet to seduce a minor" (ECF No. 60 at 20), to facts that the government does and does not "propose to establish" (ECF No. 60 at 21), and to evidence that the government may or may not "propose to present" (ECF No. 60 at 22), make this plain.

The district court in *Nukida*, 8 F.3d at 669–70, prematurely answered the question of whether the government met its burden of proof as to the required element of the effect of the defendant's conduct on interstate commerce.  Here, the Court will not commit the same error by prematurely determining whether the government can prove the required elements charged in Count One of the Second Superseding Indictment that Defendant attempted to (i) induce (ii) a person under eighteen years of age.  *See Meek*, 366 F.3d at 718.  Such a question can only be properly resolved by the Court upon a Rule 29 motion after the close of the government's case-in-chief, or else by a jury after submission of all the evidence in this case.

### C. Motion for Judgment of Acquittal

The Court is also not persuaded by Defendant's argument that adjudicating his motion now will conserve valuable judicial resources.  (*See* ECF No. 60 at 9 (asserting that "one of the purposes" of a motion to dismiss an indictment is to facilitate disposition of cases prior to trial).) This is because Rule 29 is the proper procedural avenue for the Court to use in deciding whether to "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a).

Indeed, the Ninth Circuit has considered the interplay between motions brought under Rule 12 and Rule 29, and concluded that the conservation of judicial resources that could flow from a dismissal under Rule 12 should generally yield to the competing imperative to ensure "that

the facts are fully developed before disposition of the case." *Nukida*, 8 F.3d at 670 (citing *United States v. Williams*, 644 F.2d 950, 952–53 (2d Cir. 1981)). Consistent with this principle, Defendant remains free to bring a motion for a judgment of acquittal "[a]fter the government closes its evidence or after the close of all the evidence," and of course, the Court "may on its own consider whether the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Indeed, nothing in the Court's ruling will deprive Defendant of Rule 29's "great value" as a mechanism to test the sufficiency of the government's evidence and thereby mitigate against the risk of a legally flawed guilty verdict. *Nukida*, 8 F.3d at 670. It simply defers that test of the evidence's sufficiency until the proper procedural moment has arrived. *See id.* at 672–73 ("The proper way for Nukida to challenge the sufficiency of the government's evidence pertaining to the jurisdictional element of affecting interstate commerce is a motion for acquittal under Rule 29, presented at the close of the government's case-in-chief.").

Accordingly, the Court's ruling will "ensure that the respective provinces of the judge and jury are respected." *Id.* at 670.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated: May 29, 2019

Troy L. Nunley
United States District Judge