UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DILESH SHARMA,<br><br>Defendant. | CASE NO. 2:17-cr-00055-TLN<br><br>**ORDER GRANTING THE UNITED STATES' MOTION TO SEAL DOCKET ENTRY 108 AND 110** |

This matter is before the Court on the motion by the United States to seal Docket Entry 108, that was filed on June 3, 2021, by Defendant Dilesh Sharma ("Defendant"), that identifies, by name, and other information, the minor victim in this case, and Docket Entry 110, filed June 5, 2021, that does the same, as well as and "any information concerning" the minor victim that could be used to identify the minor victim. The Court finds that:

1. Federal Rule of Criminal Procedure 49.1(a)(2) requires any party in an action in this Court to refer to "the name of an individual known to be a minor" by the minor's initials only. Likewise, Local Rule 140(a)(i) requires that reference to all minors in criminal actions be by the minors' initials only.

2. Title 18, United States Code, Section 3771(a)(8) states that a crime victim has "the right

to be treated with fairness and with respect for the victim's dignity and privacy."

3. Title 18, United States Code, Section 3509(d)(2) provides for the filing under seal of "the name of or any other information concerning a child."

4. In a June 3, 2021 filing captioned: "Memorandum Regarding Evidentiary Hearing," (Doc. 108), Defendant includes the name of the minor victim in this case, as well as "any information concerning" the minor victim that could be used to identify the minor victim.

5. In Document 110, Defendant includes "any information concerning" the minor victim, that in combination with the name of the minor victim could be used to identify the minor victim.

6. This Court is authorized to seal documents upon the showing required by applicable law. *See* Local Rule 141(a) of the Local Rules of the United States District Court for the Eastern District of California; 18 U.S.C. § 3509(d)(2).

7. In Document 110, footnote 4, Defendant indicates that he will not seal his filings.

Based on the above, the Court also finds that sealing of Docket Entries 108 and 110 is appropriate to avoid injury to the minor victim in this case, and to protect the minor victims' privacy and comply with federal law and other authority.

ACCORDINGLY, and for good cause shown, it is hereby ORDERED that, the United States' Motion to Seal Docket Entries 108 and 110 is GRANTED (ECF No. 112); and it is further, ORDERED that, Docket Entries 108 and 110 shall be permanently sealed, subject only to a motion to unseal, and finding of good cause, pursuant to Local Rule 141(f); and it is further, and ORDERED that, Defendant shall refrain from identifying any victims of his convictions or any alleged victims in the matter currently pending before this Court unless such identification is in strict compliance with Federal Rule of Criminal Procedure 49.1(a)(2).

IT SO ORDERED.

DATED:  June 8, 2021

_____
Troy L. Nunley
United States District Judge